**Frank KINKADE, Petitioner,**

v.

**Ray H. PAGE, Warden, O S P and State of Oklahoma, Respondents.**

**No. A–14600.**

Court of Criminal Appeals of Oklahoma.

July 17, 1968.

Frank Kinkade, pro se.

G. T. Blankenship, Atty. Gen., Hugh Collum, Asst. Atty. Gen., for respondent.

## MEMORANDUM OPINION

LERBLANCE, Referee:

Frank Kinkade, brings this original proceeding for a writ of habeas corpus seeking release from his imprisonment in the Oklahoma State Penitentiary where he has been incarcerated by authority of judgement and sentence on a plea of guilty in the District Court from Kingfisher County, State of Oklahoma, entered on October 12, 1967. It is the allegation of Petitioner that said judgement and sentence are void since Petitioner was "deprived of the constitu-tional guarantee of assistance by competent counsel." This is the single issue raised by Petitioner in seeking a writ.

Fortunately, this court has before it the transcript as certified by the court reporter of the proceedings in the District Court of Kingfisher County on October 12, 1967, this being the arraignment in Cases Nos. 1054–1059, State of Oklahoma v. Frank Kinkade. Petitioner appeared before Judge J. Russell Swanson without an attorney with the State represented by V. D. Firestone, Assistant District Attorney.

Judge Swanson so completely and competently advised Petitioner of his rights that we set forth a portion of the transcript as exemplary:

"THE COURT: Very well. Show then that the defendant appears in person and states name as charged. And, to repeat further here, the court again advises you that you have a right to counsel, which means a lawyer to represent you. You have that right at all stages of any criminal proceeding. That is true in all six of these charges here. In any one or all of them, you have a right to a lawyer.

MR. KINKADE: Yes, sir.

THE COURT: And, if the reason you do not have one is solely because of your financial condition—your inability to employ one, an attorney can be provided for you at public expense. With that, I ask you again, do you desire counsel?

MR. KINKADE: No, sir.

\* \* \* \* \* \*

THE COURT: Mr. Kinkade, the Information which you have just heard read is the formal charge pending against you in cause number 1054. Now, I, at this time, will advise you of your rights with regard to that charge. There are numerous things that you may do, but you need not do anything at this time. You are entitled by law to take more time before you enter any plea to that charge, during which time you may consult with a lawyer or get some advise—maybe not

a lawyer, but a friend or relative or someone you wish to contact. You may want some intervening pleadings to it on that and you have a right to do so. And, as previously advised, you still have a right to a lawyer. Then, to go on with your rights, in the event you are fully informed and well aware of what is going on and ready to plea, you may enter a plea at this time, upon waiver of the time, as previously advised, and there are two pleas which you may enter, either that of guilty or not guilty. If you enter a plea of guilty, you admit the truth of all the allegations read in that Information; that everything in there is true and correct, and that amounts to a felony offense of forgery in the second degree and carries punishment of anything up to 7 years in the penitentiary. Now, if you do enter a plea of guilty, you would admit the truth of all that and subject yourself to punishment under the law. The other plea which you could enter is that of not guilty. You have very right to enter such a plea. If you enter a plea of not guilty, you are entitled to a jury trial to determine your guilt or innocence, and in that trial it is the duty of the prosecution, the State of Oklahoma, as represented here by Mr. Firestone, to prove your guilt beyond a reasonable doubt, and, should they fail to so prove your guilt beyond a reasonable doubt, you would be acquitted. That means turned loose; found not guilty.

MR. KINKADE: I'm guilty.

THE COURT: Let me explain these rights in full before you say anything. You have even more rights than that. In this jury trial again you are entitled to have a lawyer, if you want one, to question all the witnesses brought in. You are entitled to subpoena or subpoenaes to call witnesses in your behalf and present evidence on your side, and it is still up to the jury to decide, beyond a reasonable doubt. And a further right that you have, if you should do to trial and take some time or that, you have a right to have bail set and, upon posting

of satisfactory bond, be released from custody pending the trial. That doesn't mean, if you ask for a trial, that you are going to just have to lay in jail and wait. You can be released under bond. As I said at the start, you have a right to an attorney to represent you at all stages at any time. Now with that, let me ask you first, do you have any questions at all with regard to your rights?

MR. KINKADE: No, sir.

THE COURT: Very well, Do you want to take more time before you enter a plea?

MR. KINKADE: No, sir.

THE COURT: And you waive time and are ready to enter a plea now? Is that right?

MR. KINKADE: Yes, sir.

THE COURT: Very well, Let the minutes show waives time to plead and enters a plea of what?

MR. KINKADE: Guilty.

THE COURT: Plea of guilty. Now, before accepting that plea, I want to make further inquiry. Have there been any intimidation, coercion, threats—

MR. KINKADE: (Interposing) No, sir.

THE COURT: —promises, bribes or anything at all to get you to enter such a plea?

MR. KINKADE: No.

\*　　\*　　\*　　\*　　\*　　\*

THE COURT: Do you have anything you wish to say with regard to sentence?

MR. KINKADE: None other than I am ready to go down and start on it, 3 years C.C.

THE COURT: You concur in that recommendation? Is that right?

MR. KINKADE: Yes, sir. I know I did wrong and I'm willing to pay for it.

THE COURT: Very well, Frank Kinkade, on your plea of guilty to the felony offense of forgery in the second degree and are now by the court, and it is so

adjudged and decreed, found guilty of that offense of forgery in the second degree and, upon your waiver of time for sentencing, you are now hereby sentenced to serve a term of 3 years in the custody of the Oklahoma Department of Corrections, such time to commence upon your delivery to the Warden of the State Penitentiary at McAlester, Oklahoma, and the Sheriff of Kingfisher County is authorized and directed to transport you to that institution at his earliest convenience for such sentence to be imposed and commenced. Now you are further advised and informed that from this judgement and sentence you do have a right of appeal to the Oklahoma Court of Criminal Appeals. Not only do you have the right of appeal, but if it can be shown and is requested, to have an appeal, and it can be shown that the only reason that you are prevented from such is your property and inability to pay for such appeal, it can be made at public expense.

MR. KINKADE: Yes, sir."

The Petitioner pleaded guilty for a three year sentence in Cases Nos. 1054 and 1055 to run concurrently and Cases Nos. 1056–1059 were dismissed with prejudice.

It appears in the transcript that Petitioner was 29 years of age and had previously served a sentence in the penitentiary. In view of the foregoing it is the inescapable conclusion that Petitioner knowingly, intelligently, and voluntarily, entered a plea of guilty after being fully advised of his rights.

It is fundamental as this court held in McRae v. Page, Okl.Cr., 430 P.2d 851, that: "Where the record affirmatively shows that accused knew and understood his right to counsel and competently and intelligently waived this right and entered a plea of guilty, with full knowledge of the consequences of such plea, the requirements of the Fourteenth Amendment of the Constitution of the United States making obligatory the provisions of the Sixth Amendment of the Constitution of the United States upon the states, have been fully complied with, and application for habeas corpus will be denied.

For the foregoing reasons the Writ of Habeas Corpus is hereby denied.